STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES, Appellant, *v.* ANN WILLIAMS STONE, Respondent.

No. 11213

December 20, 1978                 587 P.2d 1325

*Robert List,* Attorney General, and *Bryan M. Nelson,* Deputy Attorney General, Carson City, for Appellant.

*W. H. Tobeler,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This appeal is from a judgment entered September 5, 1978, reversing the decision of a Hearing Officer for the Department of Motor Vehicles. The Hearing Officer had determined that the refusal of Ann Williams Stone to submit to a breathalyzer machine test violated Nevada's Implied Consent Law. Stone's driving privileges were ordered suspended for a period of six (6) months.

Appellant, alleging unexplained and unexcused procedural derelictions by respondent has filed, and served on respondent,

a "motion to reverse [the district court's] judgment." In support of the motion, appellant argues respondent's failure to comply with the Appellate Rules should be treated as a confession of error under NRAP 31(c), and our decision in Kitchen Factors, Inc. v. Brown, 91 Nev. 308, 535 P.2d 677 (1975). We agree.

In addition to respondent's previous omissions, she has neither opposed the motion to reverse, nor tendered any reason for her failure to do so. Under these circumstances, we elect to treat respondent's conduct as a confession of error. *See* Kitchen Factors, Inc. v. Brown, cited above.

The judgment in respondent's favor is reversed and the district court is instructed to dismiss, with prejudice, the "petition for review of order of suspension," Ann Williams Stone filed in the district court May 22, 1978.